

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Pat Edwards
Civil District Attorney
Dallas County
Dallas, Texas

Attention: Mr. Allen Melton

Dear Sir:

Opinion No. 0-5727
Re: Basis of valuation for ad
valorem tax purposes of
property in the process of
fabrication; allowance of
a deduction for federal
taxes owed by taxpayer.

In your letters of November 16, 1943, December 13, 1943, and December 14, 1943, you requested our opinion on a situation which we summarize as follows:

On January 1, a taxpayer reported an inventory of goods, wares and merchandise at $155,872.18. This figure was the value placed by the taxpayer's cost accountants upon certain partially completed goods which were in the process of fabrication; $76,995.32 of this amount represented expenditures by the taxpayer for labor on these goods, for overhead items and for general administrative expenses. As of January 1, the taxpayer also reported that it owed $766,196.40 for federal income and excess profits taxes for the preceding year.

With respect to this situation you have inquired substantially as follows:

(1) Whether items of labor, overhead and general administrative expenses are to be included as items of assets in arriving at the taxable value of the personal property of a business enterprise, where

such property is in the process of fabrication and where the foregoing items have been expended in connection with such fabrication.

(2) Whether the taxpayer should be permitted to deduct the amount owed for federal income and excess profits taxes from its accounts and bills receivable.

No specific provisions in the statutes of this State deal with the valuation of goods in the process of fabrication. However, the general statutory provisions with respect to the valuation of personal property are as follows:

"Article 7174....Personal property of every description shall be valued at its true and full value in money.

"Article 7149....The term 'true and full value', wherever used shall be held to mean the fair market value, in cash, at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale."

Moreover, "market value" or "fair market value" has been defined as "the amount of money that a person desiring to sell, but not bound to do so, could, within a reasonable time, procure for such property from a person who desires and is able to buy, but is not bound to purchase the property. It is the amount that could be obtained at private sale and not a forced or auction sale." 40 Tex. Jur. 150.

Where taxable property possesses no market value, the tax assessor must assess such property at its "real or intrinsic value." Article 7211. And, as is said in 40 Tex. Jur. 149, "While intrinsic value is not mentioned in the statute (R. S., Art. 7206) that defines the powers of the board of equalization (but only in R. S., Art. 7211 defining the duty of the assessor with respect to valuation), it seems that the board, as well as the assessor, may and should determine the value according to intrinsic worth; but this is done only when and if it appears that the property in question has no market value."

The question of whether these goods can be said to possess a market value from which their true and full value can be determined is a question of fact upon which this department is not competent to pass. West Texas Hotel Co. v. City of El Paso, et al., 83 S. W. (2d) 772, 777 (error dismissed). See the copy of our Opinion No. 0-2800 enclosed herewith. Consequently, we are unable to state whether the property in question should be assessed at its market value or at its real or intrinsic value. However, you are respectfully advised that if the qualified officials determine that this property possessed a market value on January 1, such property should be taxed at its market value according to the above formulae.

On the other hand, if it should be decided that this property possessed no market value on January 1, the property should be assessed and taxed at its "real or intrinsic value." In West Texas Hotel Co. v. City of El Paso, supra, the El Paso Court of Civil Appeals approved a charge by a lower court to the effect that:

"The real or intrinsic value of property is represented by that sum of money which is a fair equivalent of such property. The proper determination of such real or intrinsic value of property is by the application of sound judgment and common sense in a consideration of the elements which an ordinarily prudent and intelligent business man would consider in the ascertainment thereof. In the ascertainment thereof among the elements that may be taken into consideration is the location, cost and character of improvements, rental history, if any, location as to future growth of the City, sales of adjacent property, if any, the uses to which the property is put or of which it is reasonably susceptible." (Emphasis added)

For tax purposes, this is the only judicial definition of the term "real or intrinsic value" which we have found in the case law of this State. While this definition was formulated with respect to the valuation of real property, we think that much of the language of the court, and particularly the portion above underlined, may properly be used as a guide by the tax assessor and the board of equalization in ascertaining the real or intrinsic value of personalty.

Honorable H. Pat Edwards, page 4

We are unable to say to what extent, if at all, expenditures for labor, etc., will, in a particular case, enter into a determination either of market value or of real or intrinsic value. It is possible, we feel, to posit a situation in which such expenditures would be highly significant; contrariwise, one can easily imagine a situation in which such expenditures would have an extremely negligible effect upon the valuation of the taxable property. Uncertainties such as these, together with the extent to which the valuation of property is a question of fact, prevent our giving a more detailed answer to your first inquiry.

With respect to your second question, Article 7147 defines "personal property" for purposes of taxation as including, inter alia:

".... all moneys at interest, either within or without the State, due the person, to be taxed over and above what he pays interest for, and all other debts due such person over and above his Indebtedness." (Emphasis added)

We understand from your letters that the taxpayer in question claims that it is entitled to deduct the amount of its federal income and excess profits taxes for the preceding year from its accounts and bills receivable in determining the amount of its taxable personal property. If the taxpayer is entitled to this deduction, it is only because such taxes can be considered an "indebtedness" within the meaning of the above quoted statute. Although on January 1 the federal taxes for the preceding year are a liability against the taxpayer, and although they normally are a preferred liability, such taxes are not the kind of liability which our courts and those in other jurisdictions have considered as an indebtedness. In Republic Ins. Co. v. Highland Park Independent School District of Dallas County, et al., 102 S. W. (2d) 184, the Supreme Court stated:

"We do not think taxes are deductible as a debt under Article 7147, R. S. 1925. See authorities, above cited, and the case of Tax Commission v. National Malleable Casting Company, 111 Ohio St. 117, 144 N. E. 604, 35 A. L. R. 1448, and annotation."

In a subsequent suit between the same parties, reported in 162 S. W. (2d) (reversed on other grounds, 171 S. W. (2d)

Honorable H. Pat Edwards, page 5

542), the Dallas Court of Civil Appeals elaborated upon this statement as follows:

"We conclude that taxes do not constitute an 'indebtedness' within the purview of Article 7147 R. S. 'As the obligation to pay taxes does not rest upon any contract express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of the word; although it is a liability or obligation, ***.' 61 C. J. Taxation, p. 70 | 4. Appellee's tax reserves are therefore assessable until exempted by express reference in a debt statute such as Art. 7147."

Consequently, in answer to your second question, you are respectfully advised that the taxpayer should not be permitted to deduct the amount owed for federal income and excess profits taxes from its accounts and bills receivable in determining the amount of its taxable personal property.

Trusting that the foregoing satisfactorily answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
R. Dean Moorhead
Assistant

RDM:db

Enclosure